IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK A. ALVEY,**

    **Petitioner,**

vs.                                        **No. CIV 06-0446 RB/WPL**

**JAMES JANECKA, Warden,**
**and NEW MEXICO ATTORNEY GENERAL,**

    **Respondents.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner's Appeal from a Decision by the United States District Court Denieing [sic] Counsel and Discovery (Doc. 31), filed on September 12, 2006. Having considered the record, and being otherwise fully advised, I find that this document should be construed as objections to a non-dispositve, pretrial order of the magistrate judge, and that, so construed, the objections should be overruled.

**I. Background.**

Petitioner is incarcerated and proceeding pro se in this 28 U.S.C. § 2254 matter. Petitioner purports to appeal an August 11, 2006 non-dispositive, pretrial order ("Order") issued by United States Magistrate Judge William P. Lynch. (Doc. 20.) The Order denied Petitioner's motions for appointment of counsel and for discovery, set a briefing schedule on Respondent's motion to dismiss, and required Respondent to forward the record proper to this Court for review.

This matter was referred to Judge Lynch pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The statute does not provide for appeal of non-dispositive pretrial orders issued by the magistrate judge. *See* 28 U.S.C. § 636(b). The statute provides that I may reconsider any pretrial

matter that is shown to be clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  Due to Petitioner's pro se status, the appeal will be liberally construed as objections to the Order.

**II. Standard.**

A magistrate judge's order on a non-dispositive matter may be reconsidered only upon a finding that the order was "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The Seventh Circuit has stated that to qualify as clearly erroneous, "a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parks & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir.1988).  When reviewing a question of law, the standard of review is de novo. *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D. N. M. 1998).

**III. Discussion.**

    **A.  Objections are untimely.**

A party must file any objections to a nondispositive pretrial order issued by a magistrate judge within 10 days after being served with a copy of the order.  Fed. R. Civ. P. 72(a).  A party may not assign as error a defect in the magistrate judge's order to which objection was not timely made.  *Id*.

The Order was filed on August 11, 2003.  Allowing three days for mailing, the objections were due by August 30, 2006.  Petitioner's certificate of mailing states that his objections were mailed on September 7, 2006.  Thus, the objections are untimely.

    **B.  Objections are overruled on the merits.**

Due to Petitioner's pro se and incarcerated status, I will consider the merits of his objections. Judge Lynch denied the motions for appointment of counsel and discovery on the ground that his preliminary review of the file indicated that, at this stage of the proceedings, the interests of justice

did not require appointment of counsel and Petitioner had not shown good cause for discovery. (Doc. 20 at 1-2).

The Order is not clearly erroneous or contrary to law. It correctly states the law and reasonably applies the law to the record. The Order states "[s]hould it become apparent upon consideration of the motion to dismiss that appointment of counsel or discovery may be warranted, [Judge Lynch] will reconsider the motions at that time." (Doc. 20 at 2.) The Order requires the Respondent to expand the record by producing the record proper. The Order is well-considered, appropriately tailored and should stand. Accordingly, Petitioner's objections to the Order are overruled.

**WHEREFORE,**

**IT IS ORDERED** that Petitioner's Appeal for a Decision by the United States District Court Denieing [sic] Counsel and Discovery (Doc. 31), filed on September 12, 2006, herein construed as objections to Judge Lynch's Order of August 11, 2006, are **OVERRULED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

3