**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANK A. ALVEY,

        Applicant,

v.                                             CV 06-0446 RB/WPL

JAMES JANECKA, WARDEN, AND THE
NEW MEXICO ATTORNEY GENERAL,

        Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition and Petitioner Frank Alvey's objections thereto. (Doc. 35, 42.) Having conducted a *de novo* review, I find the objections to be without merit.

In his objections, Alvey focuses on grounds four-through-eight, ten, and thirteen of his petition. He primarily rephrases the arguments already addressed by the magistrate judge. Because I am adopting the magistrate judge's findings and conclusions, I find it unnecessary to address Alvey's arguments in detail, with the exception of the following comments.

Alvey asserts that the magistrate judge relied on mere speculation in concluding that he was not prejudiced by trial counsel's failure to investigate and secure the testimony of certain witnesses. Alvey had the burden of establishing a reasonable probability that the result of the proceeding would have been different but for counsel's failure to investigate or to secure the testimony. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). He has not met this standard.

Alvey notes that the magistrate judge failed to mention Alvey's Notice of Facts Supplemental. This notice relates to grounds one, two, and fifteen of the petition, which assert that trial counsel was ineffective in failing to challenge the indictment as multiplicitous, failing to demand a bill of

particulars, and failing to file a sufficient docketing statement. (Doc. 34 at 1-2.) In the notice, Alvey pointed out his trial counsel's alleged inconsistent statements regarding whether she properly challenged the indictment on the basis of multiplicity or sought a bill of particulars. The magistrate judge concluded that Alvey was not prejudiced by counsel's purported deficiencies. Therefore, the alleged inconsistent statements identified in the notice are immaterial.

Attached to Alvey's objections are transcripts from two depositions and a grand jury proceeding. The Court has read these transcripts and found nothing in them to cast doubt on the magistrate judge's findings.

Alvey complains that he was not given enough time to prepare his objections. He claims that much of the work he had done on his objections was lost when he was transferred from one facility to another on February 15, 2007. (*See* Doc. 38.) The magistrate judge granted Alvey two extensions of time, resulting in a total of over fifty days for Alvey to prepare and file his objections. (*See* Doc. 37, 40.) Alvey filed his objections twenty-one days after his transfer. Therefore, I reject the assertion that the time was inadequate. *See* 28 U.S.C. § 636(b)(1) (allowing ten days to file objections to a magistrate judge's proposed findings and recommendations).

Finally, Alvey re-asserts his requests for counsel, discovery, and an evidentiary hearing. Having considered the entire record, I conclude that the interests of justice do not require the appointment of counsel and Alvey has not demonstrated good cause for conducting discovery. *See* 18 U.S.C. § 3006A(a)(2)(B); *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997); *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). An evidentiary hearing is not required because Alvey's claims can be resolved on the basis of the record. *See Parker v. Scott*, 394 F.3d 1302, 1324 (10th Cir. 2005).

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 35) are adopted by the Court;

2) the application for a writ of habeas corpus (Doc. 1) is denied;

3) the motion to dismiss (Doc. 17) is granted;

4) the motion for an evidentiary hearing (Doc. 29) is denied; and

5) this cause is dismissed with prejudice.

*[signature]*

_____
ROBERT BRACK
UNITED STATES DISTRICT JUDGE